# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **FIRST CHOICE PROPERTY & DEVELOPMENT, LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**TRAVELERS PERSONAL INSURANCE COMPANY,** )<br>)<br>**Defendant.** ) | Case No. 1:21-cv-02371-STA-jay |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff First Choice Property & Development, LLC had an insurance policy with Defendant Travelers Personal Insurance Company. When Plaintiff suffered a covered loss, the parties differed over the amount of the loss. So they submitted the matter to the appraisal process in accordance with the terms of their insurance agreement. Under Tennessee law, appraisal in cases of casualty insurance is a process "to quantify the monetary value of a property loss." *Merrimack Mut. Fire Ins. Co. v. Batts*, 59 S.W.3d 142, 149 (Tenn. Ct. App. 2001) (citing *Palatine Ins. Co. v. Morton-Scott-Robertson Co.*, 61 S.W. 787, 791 (1901)). Plaintiff has now filed suit to contest the appraisal. Before the Court is Defendant's Motion to Dismiss (ECF No. 8) filed July 19, 2021. Plaintiff has responded in opposition, and Defendant has submitted a reply. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff filed its Petition to Set Aside Appraisal Award (ECF No. 1-1) in the Chancery Court for Gibson County, Tennessee, on May 3, 2021. The Petition alleged that Plaintiff purchased insurance coverage from Defendant for property owned by Plaintiff in Medina, Tennessee. After

Plaintiff suffered a covered loss at the property, the parties resorted to the appraisal process described in Plaintiff's policy to resolve their dispute over the amount of Plaintiff's loss. Each side selected its own appraiser, and the two appraisers then agreed on an umpire. According to the Petition, Plaintiff's appraiser prepared a proposal which included money for OSHA-required safety measures necessary to keep workers safe during the Covid-19 pandemic; Defendant's did not.[1] When the two appraisers did not agree, they submitted the matter to an umpire who obtained his own appraisal for the loss. The Defendant's appraiser agreed to the umpire's appraisal, thereby bringing the appraisal process to a conclusion. Plaintiff's Petition seeks a court order setting aside the umpire's appraisal decision on the basis that the award is unreasonable and violates public policy.

Plaintiff served Defendant through the Tennessee Department of Commerce and Insurance, and Defendant removed the action from state court based on the parties' diversity of citizenship and the amount in controversy. Following removal, Plaintiff filed an Amended Petition to Set Aside the Appraisal Award (ECF No. 7). The allegations of the Amended Petition appear to be identical to the allegations of the original Petition. Plaintiff just amended the style and heading of the case to remove the reference to the state court and add the federal court.

Defendant now moves to dismiss the Amended Petition, arguing that Plaintiff fails to state a claim for relief. The Amended Petition seeks to set aside and alter the appraisal decision of the umpire. However, under Tennessee law, the appraisal decision is binding unless the appraiser exceeded his authority. No such allegation appears on the face of the Amended Petition. As a

---

[1] Defendant has contested this allegation and submitted copies of the appraisals prepared by each party's appraiser as well as the appraisal obtained by the umpire and the final written appraisal award. The Court notes these exhibits for the record but finds it unnecessary to consider them on their merits in order to decide the questions presented in Defendant's Motion to Dismiss.

result, Plaintiff is bound by the appraisal, and the Court should dismiss the claim in its entirety. Plaintiff responds that the umpire and Defendant's appraiser ignored the costs associated with OSHA compliance. The appraisal's failure to include these costs have shifted them to Plaintiff in violation of Plaintiff's policy. The decision of the umpire to accept Defendant's appraisal is unreasonable and violates the policy's implied covenant of good faith. In its reply Defendant reiterates that the parties disagreed over the amount of loss and submitted their dispute to binding appraisal. Plaintiff has simply not shown why the Court should disturb the outcome of the appraisal process. Therefore, the Amended Petition should be dismissed.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992). However, legal conclusions or unwarranted factual inferences need not be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555

(2007); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555). In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In this case the Court has subject-matter jurisdiction by virtue of the parties' diversity of citizenship and the amount in controversy. 28 U.S.C. § 1332. A federal court sitting in diversity applies the law of the forum state, including the forum's choice-of-law rules. *Atl. Marine Constr. Co. Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013); *Standard Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 692 (6th Cir. 2013). In contract cases, Tennessee follows the rule of *lex loci contractus*, meaning that "a contract is presumed to be governed by the law of the jurisdiction in which it was executed absent a contrary intent" such as a valid contractual choice-of-law provision. *Se. Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006) (applying Tennessee law); *Ohio Cas. Ins. Co. v. Travelers Indem. Co.*, 493 S.W.2d 465, 467 (Tenn. 1973).

Defendant has briefed the substantive law of the state of Tennessee in its motion papers, and Plaintiff has not contested the issue of whether Tennessee law should apply. As in any case where the Court has jurisdiction based on the parties' diversity of citizenship and Tennessee law applies, the Court has as its task to anticipate or predict how the Tennessee Supreme Court would decide the issues based on all the available data. *Fox v. Amazon.com, Inc.*, 930 F.3d 415, 422 (6th Cir. 2019) (citing *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012)). This includes the published opinions of the Tennessee Court of Appeals. *Lindenberg v. Jackson Nat'l*

*Life Ins. Co.*, 912 F.3d 348, 358 (6th Cir. 2018) (citing Tenn. Sup. Ct. R. 4(G)(2) for the proposition that a published opinion of the Tennessee Court of Appeals is "controlling authority for all purposes unless and until such opinion is reversed or modified by a court of competent jurisdiction"). The Court will assume for purposes of deciding the questions of law presented in the Rule 12(b)(6) Motion that Tennessee law governs the parties' dispute.

## ANALYSIS

The issue presented is whether the outcome of the appraisal process binds the parties and forecloses Plaintiff's judicial challenge to the umpire's decision. The Court's analysis of this question starts with the parties' contract for insurance. The Amended Petition recites the policy's clause addressed to appraisal and the appraisal process. The clause reads as follows:

> 2. Appraisal If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will: a. Pay its chosen appraiser; and b. Bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

The Tennessee Supreme Court has held that "[i]nsurance policies are, at their core, contracts." *Garrison v. Bickford*, 377 S.W.3d 659, 663–64 (Tenn. 2012) (citation omitted). Courts construing the terms of a contract ascertain the intent of the parties based on the ordinary and natural meaning of the words used in the instrument. *Perkins v. Metro. Gov't of Nashville*, 380 S.W.3d 73, 85 (Tenn. 2012); *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 704 (Tenn. 2008).

The Court finds that the insurance policy's appraisal process was clear and unambiguous. Giving the words of the policy's appraisal clause their ordinary and natural meaning, the parties

5

agreed on an appraisal process, the outcome of which would control any dispute over the amount of loss. This section of the policy applied in the event the parties "disagree[d] on the value of the property or the amount of loss" and one or both of the parties invoked the appraisal process. The parties then had the right to select their own appraisers, and the appraisers in turn chose an umpire. Each appraiser prepared his or her own appraisal, and if their appraisals did not agree, the umpire would take up the issue. Once two of three parties selected in the appraisal process (the two appraisers and the umpire) agreed with one of the appraisals, that "decision" would bind the parties but only on the "value of the property or the amount of loss." This provision effectively limited the authority of the umpire and appraisers to that single question.[2]

And Plaintiff alleges that this is precisely what happened in this case. Am. Pet. ¶ 5 ("Policyholder and Insurer disagreed on the amount of the loss, appraisal was demanded, and both sides chose their respective appraisers . . . ."). Plaintiff does not actually dispute that the appraisal process worked just as the parties had contemplated in their contract. Plaintiff alleges that the final appraisal amount failed to take into account the full cost of certain safety measures required to comply with OSHA during the pandemic. Or in the parlance of the pleadings, the final appraisal "did not properly account for" these costs. Am. Pet. ¶ 8, 9. But this is merely another way of saying that Plaintiff disagrees with the umpire's valuation of the amount of loss and the cost to remedy the damage to Plaintiff's property. Where a party seeks to avoid the result of binding appraisal out of dissatisfaction with the amount of the appraisal award, the party has failed to show why it should not be bound by the appraisal process. *Thomas v. Std. Fire Ins. Co.*, No. E2015–

---

[2] The appraisal process did not abridge Defendant's right to deny the claim. This suggests that the insurer might be bound by the appraisal setting the amount of loss but still take the position that its policy did not cover a certain kind of loss. The Amended Petition alleges no facts to show that such a coverage dispute existed in this case. Plaintiff simply contests the appraisal's valuation of the loss.

6

01224–COA–R3–CV, 2016 WL 638559, at *6 (Tenn. Ct. App. Feb. 17, 2016).  Because Plaintiff contractually agreed to a binding appraisal process, the Amended Petition fails to state a claim contesting the umpire's failure to "properly account for" OSHA costs.

Plaintiff raises two arguments in its brief to avoid the dismissal of its claim.  First, Plaintiff contends the umpire and Defendant's appraiser exceeded their authority by shifting the cost of compliance back to Plaintiff.  It is true that an "appraiser's authority is limited to the authority granted in the insurance policy or granted by some other express agreement of the parties." *Artist Bldg. Partners v. Auto-Owners Mut. Ins. Co.*, 435 S.W.3d 202, 217 (Tenn. Ct. App. 2013) (citing *Batts*, 59 S.W.3d at 152).  Plaintiff also argues the appraisal process may have violated Defendant's implied duty of good faith and fair dealing.  It is likewise the case that "[i]n Tennessee, every contract contains an implied covenant of good faith and fair dealing in its performance and its enforcement." *Beijing Fito Medical Company, Ltd. v. Wright Med. Tech., Inc*., 763 F. App'x 388, 392–93 (6th Cir. 2019) (citing *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 661 (Tenn. 2013)).

However, the problem lies in the fact that the Amended Petition does not actually allege either of the theories Plaintiff argues in its brief.  Facts showing that the umpire exceeded his authority might state a claim for setting aside the appraisal.  But the Amended Petition alleges no such facts.  And Plaintiff has not pleaded the elements of a breach of the implied duty of good faith and fair dealing.  In order to recover for a breach of the implied duty of good faith and fair dealing, Plaintiff must allege a breach of the insurance contract itself.  "Under Tennessee law, there is no standalone claim for breach of the implied covenant—it does not form an independent basis for relief." *Wright Med. Tech.*, 763 F. App'x at 393 (citing *Berry v. Mortg. Elec. Registration Sys.*, 2013 WL 5634472, at *7 (Tenn. Ct. App. Oct. 15, 2013)).

Nothing in the Amended Petition implies that the umpire exceeded his authority or that Defendant somehow acted unfairly or in bad faith. The parties agreed in their policy that the umpire had the authority to decide a dispute over the "value of the property or the amount of loss." And so he did. Plaintiff cannot avoid the dismissal of its claim by raising new theories of recovery in response to a Rule 12(b)(6) Motion. "If plaintiffs believe they need to supplement their complaint with additional facts to withstand a motion to dismiss, they have a readily available tool: a motion to amend the complaint under Rule 15," not "in an opposition brief or [by] ask[ing] the court to consider new allegations . . . not contained in the complaint." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (internal quotation marks and punctuation omitted) (quoting *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020)). Plaintiff's failure to make actual allegations in its pleadings that the umpire exceeded his authority or that Defendant breached the terms of the contract (or any facts to support such theories) dooms its arguments on these points.

This just leaves Plaintiff's allegation that an appraisal award that fails to "properly account" for safety costs violates public policy. Am. Pet. ¶ 10 ("[A]n award that does not include provision for OSHA required line items, or account for Covid-19 workplace protocols and protections during a Pandemic, is improper, wrongful, and against Public Policy . . . ."). Plaintiff has not actually expanded on this argument in its briefing to show why the Court should not dismiss the Amended Petition for failure to state a claim. Contracts may be void as against Tennessee public policy. *Baugh v. Novak*, 340 S.W.3d 372, 382 (Tenn. 2011) ("The authority 'of the courts to invalidate the bargains of parties on grounds of public policy is unquestioned and is clearly necessary.'" (quoting 5 Samuel Williston, *Treatise on the Law of Contracts* § 12:3, at 858 (Richard A. Lord

ed., 4th ed. 2009)).³ Yet Plaintiff has presented no authority for the proposition that an appraisal can violate public policy or that a court should set aside an appraisal for such a violation. Without more development of this theory, Plaintiff's passing reference to a violation of public policy will not save its Amended Petition.

## **CONCLUSION**

Plaintiff's Amended Petition to Set Aside the Appraisal in this case fails to state a plausible claim for relief. Therefore, Defendant's Motion to Dismiss the Amended Petition must be **GRANTED**.

**IT IS SO ORDERED.**

> s/ S. Thomas Anderson
> S. THOMAS ANDERSON
> CHIEF UNITED STATES DISTRICT JUDGE
>
> Date: September 1, 2021.

---

³ It seems clear that Plaintiff is not alleging that its insurance policy was void. Contracts containing appraisal provisions have a long-standing basis under Tennessee law. *J. Wise Smith & Assocs., Inc. v. Nationwide Mut. Ins. Co.*, 925 F. Supp. 528, 530 (W.D. Tenn. 1995) (citing *Hickerson v. German–American Ins. Co.,* 96 Tenn. 193, 33 S.W. 1041 (1896)). Plaintiff's theory is that an appraisal award itself may violate public policy.